**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ABDEL JEBARA, | HON. JEROME B. SIMANDLE |
| Petitioner, | Civil No. 08-1249 (JBS) |
| v. |  |
| WARDEN GRONOLSKY, | **OPINION** |
| Respondent. |  |

APPEARANCES:

    ABDEL JEBARA, #63120-004
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**SIMANDLE**, District Judge:

    Abdel Jebara, a prisoner confined at the Federal Correctional Institution ("FCI") at Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his placement at FCI Fort Dix Low, instead of the Camp at FCI Fort Dix.  This Court will summarily dismiss the Petition for lack of jurisdiction under 28 U.S.C. § 2241, without prejudice to the filing of a civil action of the kind authorized by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1]

---

[1] The filing fee for a habeas petition is $5.00.  The filing fee for a civil action under Bivens is $350.00.  An inmate
                                                (continued...)

## I. BACKGROUND

Petitioner is serving an aggregate 96-month term of imprisonment imposed by the United States District Court for the Eastern District of Wisconsin, based on his guilty pleas to money laundering and fraud by wire, radio, or television. See United States v. Jebara, Crim. No. 03-0046 (LA) judgment (E.D. Wisc. June 16, 2005). United States District Judge Lynn Adelman recommended that Petitioner serve his sentence at FCI Fort Dix. Id. Petitioner did not appeal.

On November 3, 2006, Petitioner filed a motion to vacate the sentence, pursuant to 28 U.S.C. § 2255, asserting that his lawyer provided ineffective assistance of counsel in failing to challenge his criminal history. See Jebara v. United States, Civil No. 06-1137 (LA) (E.D. Wisc. filed Nov. 3, 2006). Judge Lynn Adelman denied relief on April 19, 2007. Petitioner did not appeal.

Petitioner, who is currently incarcerated at FCI Fort Dix, executed the § 2241 Petition presently before this Court on March

---

[1](...continued)
seeking to file a civil action under Bivens must either prepay the filing fee or apply for in forma pauperis status by submitting an affidavit of poverty and a prison account statement for the six-month period preceding the filing of the complaint. See 28 U.S.C. § 1915(a). Where an inmate is granted in forma pauperis status, this Court is required to collect the fee by ordering the warden to deduct, and forward to the Clerk of the Court, monthly installment payments of 20% of the preceding month's income credited to the prisoner's account each month the amount in the account exceeds $10.00.

9, 2008.  The Clerk received it on March 11, 2008.  In narrative form, Petitioner asserts that the Warden of FCI Fort Dix and his Unit Team abused their discretion by refusing to place Petitioner at the Fort Dix Camp.  Petitioner contends that he was confined at FCI Oklahoma as a holdover awaiting transit to Fort Dix Camp where he encountered inmate Stanley.  Petitioner asserts that Petitioner decided not to give Stanley Petitioner's cigarettes after Stanley became abusive and that, as revenge, Stanley falsely told staff at FCI Oklahoma that Petitioner had confided in Stanley that Petitioner planned to escape from the Fort Dix Camp.  Petitioner alleges that officials at FCI Fort Dix abused their discretion by changing Petitioner's classification from Fort Dix Camp to Fort Dix Low on the basis of Stanley's statement.  Petitioner asserts that he exhausted the BOP's three-step administrative remedy program.  Petitioner's request for relief is set forth below verbatim:

> 1) The Warden at Fort Dix show genuine cause as to why Abdel is still at Fort Dix Low instead of the Camp;
>
> 2) That the Warden in discovery turn over to Abdel Jebara the statements that are a part of Jebara's Central File now.  That does not violate prison security as the justice department will argue;
>
> 3) That the Court Order the Warden to reassign Abdel Jebara to a Camp and lift the management variable that truly is in violation of the Constitution and a genuine abuse of discretion; and

3

> 4) That there is no probable for the justice
> department or U.S. Attorney to appeal
> whatever this Court deems the appropriate
> relief.

(Pet. at p. 5.)

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless – . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in

4

the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

In Woodall v. Federal Bureau of Prisons, 432 F. 3d 235, 243-44 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that a district court has jurisdiction under § 2241 to entertain a federal prisoner's challenge to the failure to transfer him to a community corrections center ("CCC"), pursuant to a federal regulation.  In holding that habeas jurisdiction exists over this aspect of the execution of the sentence, the Court of Appeals distinguished transfer to a CCC from a garden variety prison transfer:

> Carrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution. More specifically, in finding that Woodall's action was properly brought under § 2241, we determine that placement in a CCC represents more than a simple transfer. Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer.
>
> The criteria for determining CCC placement are instrumental in determining how a sentence will be "executed." CCCs and similar facilities, unlike other forms of incarceration, are part of the phase of the corrections process focused on reintegrating an inmate into society. The relevant statute specifically provides that a prisoner should be placed in a CCC or similar institution at the end of a prison sentence to "afford the prisoner a reasonable opportunity to adjust to and prepare for ... re-entry into the

>community." 18 U.S.C. § 3624. CCCs thus satisfy different goals from other types of confinement. We have noted the relatively lenient policies of CCCs as compared to more traditional correctional facilities. CCC pre-release programs often include an employment component under which a prisoner may leave on a daily basis to work in the community. Inmates may be eligible for weekend passes, overnight passes, or furloughs. See United States v. Hillstrom, 988 F.2d 448 (3d Cir.1993); see also United States v. Latimer, 991 F.2d 1509, 1513 (9th Cir.1993) (emphasizing that community confinement is "qualitatively different" from confinement in a traditional prison).
>
>Given these considerations, and the weight of authority from other circuits . . . , we conclude that Woodall's challenge to the BOP regulations here is a proper challenge to the "execution" of his sentence, and that habeas jurisdiction lies.

Woodall, 432 F.3d at 243-244 (footnotes omitted).

Unlike Woodall, Petitioner in this case challenges the failure to transfer him from Fort Dix Low to Fort Dix Camp. However, "habeas corpus cannot be used to challenge a transfer between prisons . . . unless the custody in which the transferred prisoner will find himself when transferred is so much more restrictive than his former custody that the transfer can fairly be said to have brought about . . . a quantum change in the level of custody." Ganim v. Federal Bureau of Prisons, 235 Fed. Appx. 882, 884 (3d Cir. 2007) (quoting Pischke v. Litscher, 178 F. 3d 497, 500 (7th Cir. 1999)). Applying Woodall, the United States Court of Appeals for the Third Circuit held in Ganim v. BOP that

Ganim's challenge to the BOP's failure to transfer him from FCI Fort Dix to the Federal Correctional Camp at Otisville, New York, was not cognizable under § 2241 and that this Court erred by failing to dismiss Ganim's § 2241 petition for lack of jurisdiction.  This Court finds that it lacks jurisdiction to entertain Petitioner's challenge to the failure to transfer him from Fort Dix Low to Fort Dix Camp under 28 U.S.C. § 2241, and will dismiss the action, without prejudice to the filing of a civil rights action of the kind authorized by <u>Bivens</u>, 403 U.S. 388.[2]  <u>See</u> <u>Ganim</u>, 235 Fed. Appx. at 884 (vacating District Court's order denying § 2241 petition on merits and remanding with instruction to dismiss the petition for lack of jurisdiction).

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction, without prejudice to the filing of a civil action.

**s/ Jerome B. Simandle**
**JEROME B. SIMANDLE, U.S.D.J.**

Dated:  **March 20**, **2008**

---

[2] This Court's dismissal without prejudice should not be construed as a comment on the merits of such a claim under <u>Bivens</u>.